UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAY A. BLUM and A.B. (a minor child),

    Plaintiffs,

v.

SALLY HORTAN PERRY, *et al.*,

    Defendants.

CV419-291

# ORDER

Plaintiff Jay A. Blum and his minor son, A.B. have brought this suit alleging multiple causes of action related to psychiatric and behavioral modification services provided to A.B. by the various defendants. Doc. 1. Blum appears *pro se*.[1] No representative has been identified for A.B. A.B. has also not signed any filing in this matter. *See* Fed. R. Civ. Pro. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). "A minor or an incompetent person who does not have a duly appointed representative may sue by a

---

[1] In executing the Complaint and Amended Complaint, Blum has identified himself as "Pro Se Litigant." Doc 1-1 at 6 & 43. He has also submitted a notice of appearance, indicating that he is self-represented. Doc 6.

next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The Eleventh Circuit has never permitted a non-attorney parent to act *pro se* on behalf of their child. *See FuQua v. Massey*, 615 F. App'x 611 at 612 (11th Cir. 2015) ("The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others. Consequently, we have held that 'parents who are not attorneys may not bring a *pro se* action on their child's behalf.'" (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)). As such, Blum cannot bring an action on behalf of A.B., nor can he act as A.B.'s legal representative. Accordingly, the parties are **DIRECTED** to **SHOW CAUSE** within 14 days from the date of this Order why A.B. should not be dismissed from this case.

**SO ORDERED**, this 3rd day of December, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA