UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAY A. BLUM and A.B. (a minor child), | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV419-291 |
| SALLY HORTAN PERRY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# **ORDER**

Plaintiff Jay A. Blum and his minor son, A.B., bring this suit alleging multiple causes of action related to psychiatric and behavioral modification services provided to A.B. by the various defendants. Doc. 1. As no representative had appeared on behalf of A.B, the Court ordered the plaintiffs to show cause as to why A.B. should not be dismissed from this case. Doc. 12. In response, plaintiffs have identified Dr. Sheri Stein-Blum as A.B.'s legal guardian and next friend. Docs. 14 & 15. However, Dr. Stein-Blum is not a suitable representative for purposes of this matter.

Federal procedures permit a "next friend" or guardian *ad litem* to represent and protect the interests of a minor party who lacks a duly appointed representative. *See* Fed. R. Civ. P. 17(c)(1). The

representative, however, must be competent to provide adequate legal representation.  *See* 43 C.J.S. INFANTS § 416, fn. 1 (2019) ("To maintain suit in federal court, a child or mental incompetent must be represented by a competent adult.").  More clearly stated, the representative must be an attorney or someone possessing similar training allowing them to competently protect the interests of the minor while navigating the legal and procedural requirements of litigation.  ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.").

Plaintiffs have not claimed that Dr. Stein-Blum is an attorney or has any legal training.  In fact, her personal website promotes her as a speech-pathologist and educator.  Though these are laudable talents, they do not provide the necessary competency in law to represent the rights and interests of a minor child in a legal proceeding.

As such, the Court will **AFFORD** plaintiffs one more opportunity to arrange suitable representation for A.B.  Within 14 days of this Order, plaintiffs shall notify the Court that counsel has been retained or file a

motion requesting the appointment of counsel.[1]  Failure to abide by this Order will result in a recommendation that A.B. be dismissed from this case.

**SO ORDERED**, this 17th day of December, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court may appoint counsel in civil cases; however, such appointment is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  Any motion by plaintiffs seeking the appointment of counsel will not necessarily be granted.