UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAY A. BLUM and A.B. (a minor child),

    Plaintiffs,

v.

SALLY HORTAN PERRY, *et al.*,

    Defendants.

CV419-291

## REPORT AND RECOMMENDATION

Plaintiff Jay A. Blum and his minor son, A.B., bring this suit alleging multiple causes of action related to psychiatric and behavioral modification services provided to A.B. by the various defendants. Doc. 1. Blum has appeared *pro se*.[1] As no representative had appeared on behalf of A.B, who is a minor, the Court ordered the plaintiffs to show cause as to why A.B. should not be dismissed from this case.[2] Doc. 12. In response,

---

[1] In executing the Complaint and first Amended Complaint, Blum has identified himself as "Pro Se Litigant." Doc 1-1 at 6 & 43. He has also submitted a notice of appearance, indicating that he is self-represented. Doc 6.

[2] A.B. also failed to sign multiple filings in this case. Fed. R. Civ. Pro. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is

plaintiffs identified Dr. Sheri Stein-Blum as A.B.'s legal guardian and next friend. Docs. 14 and 15. As the Court determined Stein-Blum to not be a suitable representative, plaintiffs were afforded one more opportunity to identify a representative for A.B. Doc. 16. Rather than provide an alternative representative, plaintiffs reaffirmed that Stein-Blum "will represent the interests of plaintiff A.B. as his Legal Guardian." Doc. 19 at 1. As plaintiffs have failed to identify a competent representative, A.B. should be **DISMISSED** from this case.

In their response, plaintiffs cite to 28 U.S.C. § 1654 and Federal Rule of Civil Procedures 17(c); neither of which provides for a parent to represent their child without counsel. Section 1654 "authorizes only two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Berrios v. New York City Housing Auth.*, 564 F.3d 130 (2d Cir. 2009) (internal quotations omitted). It does not permit "unlicensed laymen to represent anyone else other than themselves." *Id.* (internal quotations omitted); *see also FuQua v.* Massey, 615 F. App'x. 611, 612

---

unrepresented."). Given A.B.'s minority, it is not clear that he could sign any pleading.

(11th Cir. 2015) ("The right to appear *pro se,* however, is limited to parties conducting "their own cases," and does not extend to non-attorney parties representing the interests of others."). Additionally, Rule 17 addresses the capacity to bring or be subject to a lawsuit. It does not create a right to provide legal representation to another person. Rule 17(c) specifically "permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) overruled in part on other grounds by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).

More specifically, the Eleventh Circuit has recognized that, in order to ensure competent participation and protection of the minor's interests, a guardian appearing in a representative capacity of a minor may not do so *pro se*. *See FuQua*, 615 F. App'x. at 612 ("[W]e have held that 'parents who are not attorneys may not bring a *pro se* action on their child's behalf.'") (*quoting Devine*, 121 F.3d at 581, overruled in part on other grounds by *Winkelman ex rel. Winkelman*, 550 U.S. at 535). This is in line with the precedent of multiple other circuits. *See Cheung v. Youth*

*Orchestra Found. of Buffalo, Inc.*, 901 F.2d 59, 61 (2d Cir. 1990) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Osei-Afriyie by Osei-Afriyie v. Med. Coll. Of Penn.*, 937 F.2d 876, 883 (3d Cir. 1991) ("[Father] was not entitled, as a non-lawyer, to represent his children in place of an attorney in federal court" nor waive their rights to counsel.); *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002) ("parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (Father was "free to represent himself, but as a non-lawyer he has no authority to appear as [minor son's] legal representative."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

The justification for this prohibition is twofold. First, the right to proceed *pro se* is an extension of an individual's freedom to manage their case as they choose. *See Gallo v. United States*, 311, F.Supp.2d 446, 448–49 (E.D. Va 2004). Minors, however, are presumed to lack the capacity

to intelligently make such choices. *Id.* at 49. Second, it is simply not in the interests of minors to be represented by someone without legal acumen and training. *See Devine*, 121 F.3d at 582 ("the usual rule—that parents who are not attorneys may not bring a *pro se* action on their child's behalf—. . . helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."); *see also Cheung*, 906 F.2d at 61 ("Where [minors] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.").

The Court previously explained that Stein-Blum cannot act as A.B.'s representative as she does not possess the necessary competency in law. Doc. 16. Despite this, plaintiffs have obstinately held to their position without addressing the Court's concern that Stein-Blum is ill-suited to act on A.B.'s behalf. In support of their contention that Stein-Blum is capable of representing A.B.'s interests, plaintiffs point to her professional background in working with children with special needs. Doc. 19 at 2. Stein-Blum's intellect and ability to understand the physical

needs of A.B. are not in question, but rather her ability to navigate the complexities of adversarial litigation. *See, e.g. Devine*, 121 F.3d at 582, n.19 (noting that though parents might be "the most competent person to present evidence relevant to his/her child's disability at a due process hearing," they were likely to be ill-equipped to contest difficult adversarial legal procedures); *Osei-Afriyie*, 937 F.2d at 882 (father, who was a "well-educated economist," "nearly cost his children the chance ever to have their claims heard" by failing to raise a recent change in the law prior to jury instructions). Just as a law degree does not prepare an attorney to provide speech therapy to a child, the Court is skeptical that a background in speech-language pathology prepares an individual for navigating the Federal Rules of Evidence, managing the complexities of civil motion practice, to say nothing of selecting a jury or examining witnesses.[3]

To be clear, the capacity to bring a suit on behalf on another person and the ability to act as their legal representative are distinct questions. For example, plaintiffs bring some of their claims under the Individuals

---

[3] Plaintiffs' recent attempt to file an Amended Complaint without first receiving leave of the Court to do so is an easy example of the mistakes that are likely to occur and that might potentially prejudice a party unfamiliar with legal procedure.

with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*, which grants independent and enforceable rights in both parents and their children. *Winkelmann ex rel Winkelman*, 550 U.S. at 2006–07 ("Parents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf."). Blum and Stein-Blum may pursue their individual IDEA claims *pro se*. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."(emphasis added)). They may also bring a case on behalf of A.B. Fed. R. Civ. Pro. 17(c) (permitting a guardian to sue or defend on behalf of a minor of incompetent person). They may not, however, pursue a case *pro se* on behalf of A.B., as they cannot ensure that the interests of the child will be best served and he lacks the capacity to consent to such inadequate representation.

As plaintiffs have failed to identify an appropriate legal representative for A.B., the Court **RECOMMENDS** that he be **DISMISSED** from this case. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28

U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of February, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA