# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| JAY A. BLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-291 |
| | ) | |
| SALLY HORTAN PERRY, DIANE | ) | |
| KAY ANDERSON, ELIZABETH | ) | |
| GRAHAM, AMANDA P. JOVE | ) | |
| VIVES, KATHERINE WHITE, | ) | |
| SHAWNDRELL JONES, UHS OF | ) | |
| SAVANNAH, INC., UHS OF | ) | |
| DELAWARE, INC., COASTAL | ) | |
| HARBOR HEALTH SYSTEM, and | ) | |
| UNIVERSAL HEALTH | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff was ordered to file an amended complaint and to serve each named defendant.  Doc. 33 at 3.  He has filed an amended complaint that appears to drop all defendants except UHS of Savannah, LLC and Coastal Harbor Health System.  Doc. 35.  An affidavit of service has also been filed purporting that the remaining defendants were served via mail directed to attorney Charles Dorminy.

The Court construes plaintiff's amended complaint as a notice of voluntary withdrawal for those defendants not named. *See Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (*quoting Castro v. United States*, 540 U.S. 375, 381 (2003)); *see also Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis."). A plaintiff may voluntarily dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i). Of those defendants named in the original complaint that are not included in the amendment, only Sally Perry has filed an Answer or motion for summary judgment. *See* doc. 1-2 (answer of Sally Perry and Coastal Behavioral Services); doc. 27 (motion for summary judgment). Therefore, defendants Diane Kay Anderson, Elizabeth Graham, Amanda P. Jove Vivies, Katherine White, Shawndrell Jones, UHS of Delaware,

Inc., and Universal Health Systems, Inc. have been dismissed by Rule. Fed. R. Civ. P 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").[1]

As Perry has filed both an answer and motion for summary judgment, plaintiff cannot voluntarily dismiss his claims against her without providing a stipulation of dismissal signed by all remaining parties. Fed. R. Civ. P. 41(a)(1)(A)(ii). Plaintiff is **DIRECTED** to file the necessary stipulation of dismissal within 14 days of this Order. Alternatively, plaintiff may file a motion to dismiss Perry pursuant to Fed. R. Civ. P 41(a)(2) within the same period.[2]

Plaintiff was directed to serve all defendants within 90-days of filing his amended complaint. Doc. 33 at 3. He purports to have done so by mailing a copy of the amended complaint to attorney Charles Dorminy, whose involvement in this case to date has been through special appearance on behalf of Perry and Coastal Behavior Health Services. Doc.

---

[1] Plaintiff, or any remaining defendant, may file a notice objecting to the Court construing his amended complaint as a voluntary dismissal within fourteen days of this Order.

[2] The Court dismissed Perry's motion for summary judgment as moot. Doc. 33 at 3–4. As plaintiff has furnished his amended complaint, Perry is free to revive her motion.

37.  This attempt is inadequate.

It is unclear from the record if either of the remaining parties was served with the original complaint.  The only completed return of service included with the removal from state court was addressed to Coastal Behavioral Health Services and indicates that service was accepted by Perry.  *See* doc. 1-1 at 23.  Plaintiff lists "Coastal Behavioral Health" as a d/b/a for Coastal Harbor Health System.  Doc. 35 at 1, 2.  He further claims that Coastal Health Harbor System is managed by Perry.  *Id*. at 2. Dorminy has alleged that Coastal Behavioral Health Services does not exist.  Doc. 34.

The two remaining defendants—UHS of Savannah, LLC and Coastal Harbor Health System—are business entities.  Neither the Federal Rules of Civil Procedure nor Georgia law permits service upon a business entity, or an individual, by mail.  *See* Fed. R. Civ. P. 4(e)(1) & (h)(1); O.C.G.A. § 9-11-4(e).  Even if mail service was proper, it does not appear that plaintiff has directed his complaint and summons to the proper recipient.  When a defendant is a business entity, service must be affected upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to accept service of process."  Fed. R. Civ. P. 4(h); *see also*

O.C.G.A. § 9-11-4(e)(1) (complaint and summons are to be served upon "the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof"). Service upon counsel is ineffectual unless the party has designated the counsel as its agent of service. *See Palacious v. Liehard*, 2015 WL 11571038, at * 6 (N.D. Ga. Dec. 3, 2015). It does not appear that Dorminy has been so designated. In fact, he has not even appeared as counsel for UHS of Savannah and his representation of Coastal Harbor Health Systems remains ambiguous. *See* doc. 34 (representing that Dorminy has entered a special appearance on behalf of only Perry and Coastal Behavioral Health Services); *but see* doc. 8 (signed by Dorminy on behalf of Coastal Harbor Health System); doc. 17 (same); doc. 20 (same).

UHS of Savanah has not been served with the Complaint or the Amended Complaint. Even if Coastal Harbor Health System was properly served with the original Complaint, it has not been served with the amendment. Furthermore, Perry remains an active defendant in this case until such time as she is dismissed by the Court. Though Dorminy has appeared as her counsel, it does not appear that she was served in her individual capacity with the original complaint.

Accordingly, plaintiff is **DIRECTED** to obtain summonses addressed to each of the remaining defendants and effect service of within 30 days of this order.  Service must comply with the Federal Rules of Civil Procedure.  Specifically, a nonparty, must deliver a "copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(c)(2), 4(h)(1)(B); *see also* O.C.G.A. 9-11-4(e)(1)(A).  Unless defendants waive formal service, the individual who serves process must file an affidavit confirming that service has been effected.  Fed. R. Civ. P. 4(l). Failure to effect service will result in a recommendation of dismissal.  *See* Fed. R. Civ. P. 4(m) (mandating dismissal of a claim where plaintiff fails to timely serve defendants).

The parties are also required to confer and submit a joint proposed discovery schedule in accordance with Federal Rule of Civil Procedure 26(f).  This obligation is **STAYED** pending the completion of service.  The parties are **DIRECTED** to conduct their Rule 26(f) conference and file the necessary report within thirty days of plaintiff filing the affidavit of

service.

      **SO ORDERED**, this 5th day of February, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA