UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAY A. BLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-291 |
| | ) | |
| SALLY HORTAN PERRY, | ) | |
| UHS OF SAVANNAH, INC., and | ) | |
| COASTAL HARBOR | ) | |
| HEALTH SYSTEM | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has again failed to abide by the Court's orders. He was ordered to take the necessary steps to dismiss Perry from this case. Doc. 39 at 3. He has not done so. He was ordered to effect service on all remaining defendants. Doc. 39. He has not done so. *Id*. at 6. Therefore, this case should be **DISMISSED**.

This case has haunted the Court for nearly a year and a half, unable to move beyond its initial steps. It was originally brought by Plaintiff and his minor child. *See* doc. 1-1. As plaintiff chose to proceed *pro se* and no representative was identified for the minor child, the Court directed that plaintiff show cause why the child should not be dismissed. Doc. 12.

In response to the Court's order, plaintiff filed a response identifying Dr. Sheri Stein-Blum as the child's "legal guardian and next friend." Doc. 15. As Dr. Stein-Blum is not an attorney, the Court afforded plaintiff an additional opportunity to identify appropriate representation for the child. Doc. 16. Despite the Court's explanation, plaintiff reaffirmed his position that Dr. Stein-Blum would represent the child. Doc . 19. As no competent representative was identified, the Court dismissed the minor child from the case. Doc. 29 (adopting doc. 24).

Despite the delays in determining the status of the minor child, plaintiff failed to serve at least some of the named defendants. Noting that the dismissal of the minor child fundamentally impacted the claims asserted, the Court afforded plaintiff an opportunity to amend his Complaint and to effect service on all defendants. Doc. 33 at 2–3. Plaintiff filed his Amended Complaint, which dropped all defendants accept UHS of Savannah, LLC and Coastal Harbor Health System. *See* doc. 35. An affidavit of service was filed shortly thereafter indicating that the remaining defendants were served through Charles Dorminy via mail. Doc. 37.

The Court construed the Amended Complaint as a notice of voluntary withdrawal of claims against the unnamed defendants and permitted the dismissal of Anderson, Graham, Jones, Vivies, White, UHS of Delaware, Inc., and Universal Health Systems, Inc. Doc. 39 at 2–3. As Perry had previously filed both an answer and motion for summary judgment, she could not be voluntarily dismissed. Plaintiff was ordered to file the necessary stipulation or motion to remove Perry from the case. *Id*. at 3.

The Court also explained to plaintiff that his attempts to serve the Amended Complaint were inadequate. *See* doc. 39 at 3–6. A review of the docket did not reveal that UHS of Savannah, LLC and Coastal Harbor Health System were served with the original complaint. Further, his subsequent efforts were ineffective as neither the Federal Rules of Civil Procedure nor Georgia law permits service upon a business via mail. Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4(e)(1). Dorminy had also not appeared as an agent for service on behalf of either party. As UHS of Savannah, LLC and Coastal Harbor Health System were not yet served and Perry remained an active defendant, plaintiff was offered a final opportunity address the deficiencies of his case. *Id*. a 6.

Rather than filing the stipulation or motion required by Rule 41 to effectuate the dismissal of Perry, plaintiff filed a notice stating "ONLY Defendant Sally Horton Perry is dismissed from the Complaint associated with Civil Action File 4:19-CV-291." Doc. 40. This blatantly disregarded the Court's earlier explanation that dismissal of Perry would require a "stipulation of dismissal *signed by all remaining parties*" or a motion requesting the dismissal. Doc. 39 at 3 (emphasis added). Plaintiff also filed another Amended Complaint; this time dropping Coastal Harbor Health System as a defendant, leaving only UHS of Savannah, LLC. Doc. 41. On the same day that the Amended Complaint was filed, a summons was issued for UHS of Savannah, LLC. Doc. 42. The Amended Complaint was accompanied by a certificate of service, indicating that it was served on UHS of Savannah, LLC through Steve Filton, its Senior Vice President and Chief Financial Officer, via "the Court's efiling system, by electronic mail, process service, or by depositing same in the United States mail in an envelope with adequate postage affixed thereon." Doc. 41 at 19.

This most recent attempt to serve defendants remains ineffective. It does not appear from the certificate of service that a summons was

included with the Amended Complaint, as required by rule. Fed. R. Civ. P. 4(c)(1); 4(h)(1)(B). As plaintiff has identified four possible means of service, it is unclear which was used. Three of the methods—use of the Court's electronic filing system, email and post—are not acceptable for serving a complaint under the applicable rules. Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4(e)(1). The remaining method—use of a process server—would be appropriate; however, plaintiff has provided no indication that such service was successful. In fact, his certificate of service amounts to little more than an aspiration to serve, not the proof of successful service required by the Federal Rules. Fed. R. Civ. P. 4(l).

Where a plaintiff has failed to effect service within 90 days of filing, the Court is required to dismiss the complaint. Fed. R. Civ. P. 4(m). This deadline can be extended for good cause. *Id.* Plaintiff has not provided good cause for dragging this aging action out further. Instead, he has repeatedly ignored or challenged that Court's instructions that might have provided an avenue for advancing the case. Therefore, this case should be **DISMISSED**.

Plaintiff's failure to abide by the Court's orders provides a separate ground warranting dismissal. This Court has the authority to prune

cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

In addition to plaintiff's failure to serve defendants within the allotted time, he has failed to file either a stipulation of dismissal signed by all parties or a motion to dismiss Perry from this case. Doc. 39 at 3. Instead, he filed a notice of dismissal that the Court previously indicated was insufficient. Doc. 40; *see also* doc. 39 at 3 (explaining that as Perry had filed a motion for summary judgment and answer, plaintiff could not voluntarily withdraw his claim against her). This disregard of the Court's instructions is reminiscent of plaintiff's earlier insistence on the designation of Dr. Stein-Blum as representative of the minor child, despite the Court having already rejected the designation. *See* doc. 16; doc. 19. Accordingly, as plaintiff has failed to abide by the Court's order regarding the dismissal of Perry and service of the Amended Complaint, this case should be **DISMISSED**.

Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21th day of April, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA