# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| JAY A. BLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-291 |
| | ) | |
| SALLY HORTAN PERRY, | ) | |
| UHS OF SAVANNAH, INC., | ) | |
| *doing business as* | ) | |
| Coastal Harbor Treatment Center, | ) | |
| *doing business as* | ) | |
| Coastal Behavioral | ) | |
| Health Systems,  and | ) | |
| COASTAL HARBOR | ) | |
| HEALTH SYSTEM, | ) | |
| *doing business as* | ) | |
| Coastal Harbor Treatment Center, | ) | |
| *doing business as* | ) | |
| Coastal Behavioral Health, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

By Order of May 18, 2021, the Court directed plaintiff to comply with its Order of February 5, 2021, requiring him to take all necessary steps to dismiss Perry and to serve all remaining defendants. Doc. 46. Plaintiff has filed a motion seeking to dismiss Coastal Harbor Health System and Perry. Doc. 47. He has not provided proof of service for any

remaining defendant.   For the following reasons, the Court **RECOMMENDS** that the motion to dismiss be **DENIED** and the case be **DISMISSED**.

Plaintiff filed an Amended Complaint in which several defendants named in the original Complaint were dropped.   Doc. 35.   The Court construed the Amended Complaint as a notice of voluntary withdrawal for the defendants not named.   Doc. 39 at 2.   As Perry had filed both an Answer and motion for summary judgment, she could not be voluntarily dismissed without a stipulation of dismissal signed by all parties.   Fed. R. Civ. P. 41(a)(1)(A)(ii).   Plaintiff was directed to file the required stipulation or a motion to dismiss.   Doc. 39 at 3.   Rather than making either of the directed filings, and contrary to the Court's clear explanation of why it is inadequate, plaintiff filed an untimely notice of dismissal for Perry.   Doc. 40.   Plaintiff was granted a final opportunity to properly dismiss Perry through the Court's Order of May 18, 2021.   Doc. 18.

Plaintiff filed a motion to dismiss Perry and Coastal Harbor Health System.   Doc. 47.   When voluntarily dismissal is not available, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."   Fed. R. Civ. P. 41(a)(1)(2).   "The district

court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2).  In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then [sic] the mere prospect of a subsequent lawsuit, as a result." *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (internal quotations and citations omitted).

Plaintiff's motion is void of any justification or reason for the dismissal.  He has provided a certificate of service indicating that copies were provided only to Perry, as a representative of all defendants, despite counsel having appeared on Perry's behalf.[1]  Doc. 48; *see also* doc. 34 (clarifying the Dorminy's representation).  Where a party is represented, all pleadings and motions must be served upon counsel.[2]  Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.").  Though the Court can discern no prejudice that might be

---

[1] The return of service states that the motion to dismiss was served "through counsel." Doc. 48 at 1.  Perry is the only recipient noted on the certificate of service and the included shipping receipt does not reflect the name of Dorminy or any other counsel. *Id.* at 3–5.

[2] Perry might be able to accept service on behalf of the corporate entities; however, as she is represented, only Dorminy can accept service on her behalf, absent an order of the Court.  Fed. R. Civ. P. 5(b)(1).

suffered by defendants were the motion to be granted, as plaintiff has failed to provide even the most minimal justification for his motion and has failed to properly serve it upon at least one defendant, it should be **DENIED**. Doc. 47.

Plaintiff has failed to comply with the Court's Order to effect service on all remaining defendants. As explained in the Court's February 8, 2021, Order, doc. 39 at 3–6, and April 21, 2021, Report and Recommendation, doc. 43 at 3–5, plaintiff has not adequately served defendants. Since directed to complete service, plaintiff has requested and been issued a summons for UHS of Savannah. Doc. 42. The docket does not reflect summons being requested for the other defendants, nor does it include the required proof of service for plaintiff's pleadings. Where a plaintiff has failed to timely effect service, dismissal is mandatory. Fed. R. Civ. P. 4(m). Dismissal is also appropriate where a party fails to comply with an Order of the Court. *See* L.R. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*,

CV491-277 (S.D. Ga. Jun. 10, 1992).   Therefore, this case should be **DISMISSED**.

Accordingly, the Court **RECOMMENDS** that the motion to dismiss, doc. 47, be **DENIED** and the case **DISMISSED**.   This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO REPORTED AND RECOMMENDED**, this 30th day of June, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA